IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PERKUMPULAN INVESTOR CRISIS CENTER DRESSEL-WBG, <br><br> Plaintiff, <br> v. <br><br> MINING CLAIMS LOCATED IN THE FAIRBANKS RECORDING DISTRICT, FOURTH JUDICIAL DISTRICT, STATE OF ALASKA, MORE PARTICULARLY IDENTIFIED AS MINING M 3-1 ET AL. <br><br> *in rem* Defendants, <br><br> JARED SHERER and MICHELLE SHERER, <br><br> Removal Petitioners. | **MEMORANDUM DECISION AND ORDER TO REMAND FOR IMPROPER REMOVAL AND LACK OF SUBJECT MATTER JURISDICTION** <br><br> Case No. 2:12-cv-00952-DN <br><br> District Judge David Nuffer |

This is an *in rem* case concerning mining claims. Perkumpulan Investor Crisis Center Dressel-WBG (Perkumpulan) originally filed this action in the Superior Court of Alaska, Fourth Judicial District at Fairbanks (the Alaska Court), and Jared and Michelle Sherer (the Sherers) removed it to this court.[1] Perkumpulan filed a Motion to Remand[2] this action to the Alaska Court on the basis of improper removal and a lack of subject matter jurisdiction.[3] Furthermore, Perkumpulan requests an award of costs and expenses for improper removal, including its full attorneys' fees pursuant to 28 U.S.C. § 1447(c).[4] The Sherers have since filed a motion to

---

[1] Notice of Removal, docket no. 1, filed Oct. 11, 2012.

[2] Docket no. 4, filed Nov. 2, 2012.

[3] *Id.* at 2.

[4] *Id.*

withdraw their removal.[5]  Perkumpulan filed a partial objection to Sherer's withdrawal,[6] asking that the case be remanded only after Perkumpulan's costs and fees are awarded and paid.[7]

## BACKGROUND

Perkumpulan is an organization of Indonesian investors allegedly defrauded in a Ponzi scheme that Perkumpulan alleges was managed for several years by Michelle Sherer and her husband Donald Sherer.[8]  Perkumpulan is the assignee of the fraud claims of 3,481 investors, claiming losses of nearly $100 million which formed the basis for a RICO suit in the United States District Court for the Western District of Washington (the Washington Suit).[9]

Through the Washington Suit, Perkumpulan discovered the existence of mining claims, real property, and related assets in Alaska that had allegedly been purchased by stolen funds from the Ponzi scheme and which the Sherer family had allegedly attempted to personally retain.[10]  To reach those assets, Perkumpulan initiated an *in rem* action in the Alaska Court on September 20, 2012.[11]  On October 11, 2012, the Sherers filed a Notice of Removal[12] pursuant to 28 U.S.C. §§ 1441 and 1446.  Perkumpulan subsequently moved to remand on November 2, 2012.  On March 19, 2013, defendants filed a motion to withdraw the removal "after considering and researching the arguments set forth by Plaintiff in its opposition."[13]  Perkumpulan filed a

---

[5] Withdrawal of Removal of Action, docket no. 14, filed Mar. 19, 2013.

[6] Partial Objection to "Withdrawal of Removal of Action" (Objection to Withdrawal), docket no. 15, filed Mar. 20, 2013.

[7] *Id.* at 4.

[8] Memorandum in Support of Motion to Remand (Memorandum in Support) at 2, docket no. 5, filed Nov. 2, 2012.

[9] *Id.*

[10] *Id.*

[11] *See* Alaska Court Records, http://www.courtrecords.alaska.gov/eservices/?x=gZIZTfXYZUjtHPaMuKHPtg.

[12] Docket no. 1, filed Oct. 11, 2012.

[13] Withdrawal of Removal of Action at 1.

partial objection to the withdrawal on March 20, 2013, requesting that "this case be remanded to Alaska State Court only after (1) the determination of the Plaintiff's attorney's fees, costs, and expenses and (2) the actual payment of said fees, costs and expenses by the Sherers."[14]

The Sherers removed the case to this court as pro se litigants, although Michelle Sherer and her husband Donald Sherer are represented in the Washington suit by two different law offices;[15] Jared Sherer assisted Utah attorney David Turcotte in transferring a number of mining claims in question in this case;[16] Jared Sherer's affidavit displays a level of understanding and ability with the legal system;[17] and Perkumpulan states that Donald Sherer is a disbarred attorney.[18]

## ANALYSIS

Defendant's Notice of Removal states that the action was removed pursuant to 28 U.S.C. §§ 1441 and 1446.[19]  However, Section 1441 clearly states that "any civil action brought in a State court . . . may be removed by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending*."[20] Section 1446 states that "A defendant or defendants desiring to remove any civil action from a State court shall file *in the district court of the United States for the district and division within which such action is pending* a notice of removal."[21]  Because Utah and Alaska are distinct and separate federal districts, removal to this court is plainly outside the statute and clearly improper.

---

[14] Objection to Withdrawal at 4.

[15] Memorandum in Support at 3.

[16] *See* Affidavit of Jared Sherer in Support of Opposition to Motion to Remand, docket no. 8-1, filed Nov. 16, 2012.

[17] *Id.*

[18] Memorandum in Support at 3. The Utah Bar website has record of a disbarred attorney named Donald R. Sherer.

[19] Notice of Removal at 1.

[20] 28 U.S.C. § 1441(a) (emphasis added).

[21] 28 U.S.C. § 1446(a) (emphasis added).

Furthermore, in order for removal to be proper, this court must have original jurisdiction over the action brought in the state court.[22] Jurisdiction "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."[23] The 10th Circuit has broadened the analysis, at least for diversity jurisdiction, to find the court's jurisdiction on the face of either the petition or the removal notice.[24] However, no facts or claims in the complaint support subject-matter jurisdiction. The Notice of Removal references 28 U.S.C. §§ 1441 and 1446, but the Sherers only argue the merits of their case, and never establish an argument for this court's jurisdiction. Indeed, there is no basis presented for subject-matter jurisdiction, even if the removal to this specific district had been proper.

Moreover, all defendants "must join in or consent to the removal of the action."[25] Because the right of removal is held jointly by all defendants, a removal notice by less than all defendants is procedurally defective.[26] There is no indication that Jared and Michelle Sherer constitute all of the parties who should be deemed defendants in the case. Specifically, this is an *in rem* case against mining claims in Alaska and not against the Sherers. In the Alaska Court, the Sherers are listed as Non-Party Participants.[27] Furthermore, the Sherers' petition does not join all the mining claims before this court. In fact, PADRM Gold Mine, LLC filed an answer in the *in rem* action in the Alaska court on October 22, 2012,[28] eleven days after the Sherers purported

---

[22] 28 U.S.C. § 1441(a).

[23] *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936). *See also Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir. 1957).

[24] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[25] 28 U.S.C. § 1446(b)(2)(A). *See also Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034–35 (10th Cir.1998).

[26] *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981).

[27] *See* Alaska Superior Court, Docket Information, http://www.courtrecords.alaska.gov/eservices/?x=mrG6bFDhSOvXbf4ppxuB9RCLna4DdoDRD15LzbCE5wnggvB0sy4kUD*VoOXoYaTupdd5i8a2PTBEZf0rTUMgzA (last visited June 5, 2013).

[28] Answer to Complaint In Rem, docket no. 5-1, filed Nov. 2, 2012.

to remove the case to this court. Not only were less than all required parties involved in removing the case, but the case has continued on in the Alaska Court without the presence of the Sherers.[29] Clearly, because not all potential defendants joined in the removal, it is improper.

In opposition to remand, the Sherers argue that this court should retain the case because of public policy reasons in the interest of justice. This is a venue and forum non conveniens argument.[30] The Sherers also offer the hypothetical that they could have removed to federal court in Alaska, and then sought transfer to this district pursuant to 28 U.S.C. 1406(a).[31] This argument fails because the district court in Alaska could not have transferred to this court because transfers are limited to a district that would properly have original jurisdiction,[32] and what is more, the defendants did not choose that procedure. Finally, the defendants ask that the court use its "sua sponte powers" to retain the case "in the interests of justice."[33] The court has no power to act without subject-matter jurisdiction.

Perkumpulan asks the court to award "the costs and expenses of this motion including reasonable attorneys' fees."[34] This court does have jurisdiction to award costs and fees when remanding improperly removed cases.[35] Perkumpulan alleges that removal was made "in bad faith, to seek to impede Plaintiff from pursuing rights of its members."[36] Perkumpulan states that Pia, Anderson, Dorius, Reynard & Moss, LLC (PADRM), the firm that has represented the

---

[29] *See* Alaska Superior Court, Docket Information.

[30] Opposition to Motion to Remand and for Attorneys' Fees (Memorandum in Opposition) at 3, docket no. 8, filed Nov. 16, 2012.

[31] *Id.* at 4–5.

[32] *See* 28 U.S.C. § 1441(a).

[33] Memorandum in Opposition at 5–6.

[34] Memorandum in Support at 9.

[35] 28 U.S.C. § 1447(c).

[36] *Id.*

Sherers, took title to patented mining claims in Alaska through an affiliate, PADRM Gold Mine, LLC.[37] According to Perkumpulan, these mining claims were paid for with proceeds of the Ponzi Scheme and fraudulently conveyed to PADRM Gold Mine.[38] PADRM Gold Mine filed several motions in the Alaska case on March 12, 2013, and Perkumpulan's Alaska counsel responded that there was a stay on motions in Alaska, the Alaska court having no jurisdiction because of the removal.[39] In response, counsel for PADRM Gold Mine, LLC wrote that after the Sherers and PADRM discussed the removal, the Sherers would withdraw their removal petition, eliminating the stay of motions in the Alaska case.[40]

In requesting costs and attorneys' fees, Perkumpulan relies on the United States Supreme Court test outlined by Chief Justice Roberts in *Martin v. Franklin Capital Corporation*:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. . . . The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party. . . .
>     In light of these "large objectives," the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. . . . When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).[41]

Under this test, the defendants lack an objectively reasonable basis for seeking removal. As discussed above, the Sherers removed an *in rem* action against mining claims in Alaska to the

---

[37] Objection to Withdrawal at 1.

[38] *Id.*

[39] *Id.* at 2. *See also* Jason Weiner letter, docket no. 15-1, filed Mar. 20, 2013.

[40] Objection to Withdrawal at 2.

[41] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–41 (2005) (internal citations omitted).

wrong court in a separate and far-off federal district. Jurisdiction in this court is clearly absent. Furthermore, even if all these important deficiencies were not present, all the defendants did not join in removal. The case has continued in the Alaska Court regardless of the Sherers's removal to this court, and the Sherers have actively participated in the Alaska proceedings by filing an Answer on April 8, 2013, during the pendency of the motions in this court. It is clear that the defendants lacked an objectively reasonable basis for seeking removal, and have since disregarded the proceedings in this court by participating in the Alaska Court.

The Sherers request the court "consider the inexperience of the undersigned Pro Se parties."[42] Perkumpulan argues that Sherers' refusal to hire an attorney should not insulate them from a fee award. This is especially true in this case where Donald Sherer (husband of Michelle Sherer and father of Jared Sherer) is a former attorney, and Michelle Sherer is represented by counsel in the Washington suit, including counsel located in Salt Lake City.[43] Furthermore, all of the Sherers pleadings before this court have been lengthy and well formed, distinguishing them from average *pro se* filings. The Sherers even originally opposed remand and strategically briefed their opposition on the grounds of public policy and justice despite a lack of jurisdiction. The Sherers have proven obvious experience and capability within the law. Therefore, the court does not afford the defendant's any *pro se* insulation, regardless of the availability of or refusal to hire counsel.

Several circuits have held that district courts retain jurisdiction over the parties for purposes of the fee award continuing after remand,[44] although the Tenth Circuit is silent.

---

[42] Opposition to Partial Objection to "Withdrawal of Action" and Request for Attorneys' Fees and Costs at 5, docket no. 16, filed Mar. 25, 2013.

[43] Memorandum in Support at 8–9.

[44] *See Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 448 (9th Cir. 1992) (district court retains jurisdiction to award fees after remand); *Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005) (holding that "a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued");

"It is well established that a federal court may consider collateral issues after the action is no longer pending. For example, district courts may award costs after an action is dismissed for lack of jurisdiction. This court has indicated that motions for costs or attorney's fees are independent proceedings supplemental to the original proceeding and not a request for modification of the original decree. Thus, even years after the entry of a judgment on the merits a federal court could consider an award of counsel fees."[45]

This fee award is collateral to the decision to remand, and therefore this court retains jurisdiction over the parties for purposes of the fee award, separate from and continuing after the remand of this action to the Alaska Court.

## ORDER

IT IS HEREBY ORDERED that Perkumpulan's Motion to Remand[46] is GRANTED.

IT IS FURTHER ORDERED THAT Perkumpulan's request for costs and attorneys' fees are GRANTED in that:

1. Perkumpulan shall file a separate motion for and proof of costs and attorney's fees within 14 days of this Order.

2. Sherers may respond within 14 days of the filing of Perkumpulan's motion and proof of costs and attorneys' fees.

Signed June 5, 2013.

BY THE COURT

_____
District Judge David Nuffer

---

*Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996 (holding that district courts have broad discretion in fee awards under 28 U.S.C. § 1447(c)); *Stallworth v. Greater Cleveland Reg. Transit Auth.*, 105 F.3d 252, 254–57 (6th Cir. 1997) (holding that a district court may make an award of attorney's fees and costs in a separate order after issuing a remand order); and *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365–68 (7th Cir. 2000) (holding that a district court retains jurisdiction to consider collateral matters after remand, and attorneys' fees may be awarded under a separate order, even when remand is based on the defendant's voluntary stipulation).

[45] Cooter & Gell v. Hartmarx, 496 U.S. 384, 395–96 (1990) (upholding Rule 11 sanctions imposed after the plaintiff voluntarily dismissed the action).

[46] Docket no. 4, filed Nov. 2, 2012.