IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PERKUMPULAN INVESTOR CRISIS CENTER DRESSEL WBG,<br><br>                Plaintiff,<br><br>v.<br><br>JARED SHERER and MICHELLE SHERER,<br>                Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO DISQUALIFY, TO VACATE FEE AWARD, AND FOR RULE 11 SANCTIONS; GRANTING REQUEST FOR FEE AWARD**<br><br>Case No.  2:12-cv-952 DN<br><br>District Judge David Nuffer |

Originally filed as an *in rem* action in Alaska state court, this case was removed[1] to the District of Utah by defendants Michelle and Jared Sherer ("the Sherers"), a mother and son. Plaintiff Perkumpulan Investor Crisis Center Dressel WBG ("Perkumpulan") responded by filing a motion to remand, together with a request for costs and attorneys' fees.[2] The case was improperly removed and consequently remanded to the Alaskan state court.[3] After additional briefing, plaintiff's motion for costs and attorneys' fees was granted, awarding Plaintiff $31,156.00.[4]

---

[1] Docket no. 1, filed October 11, 2012.

[2] Docket no. 4, filed November 2, 2012.

[3] Memorandum Decision and Order to Remand for Improper Removal and Lack of Subject Matter Jurisdiction, docket no. 17, filed June 5, 2013 ("Order to Remand").

[4] Memorandum Decision and Order Granting Plaintiffs' Attorneys' Fees, docket no. 26, filed August 6, 2013 ("Order Granting Fees").

# TABLE OF CONTENTS

TABLE OF Contents ................................................................................................ 2
Overview of Motions ............................................................................................. 2
The Challenged Order Granting Costs and Attorneys' fees ................................. 3
Discussion .............................................................................................................. 5
    I.     There is no Basis to Disqualify for an Appearance of Partiality ........................... 5
         A.     Another Judge Need Not Decide the Motion ............................................. 5
         B.     Legal Standard for Disqualification under 28 U.S.C. § 445 ..................... 6
         C.     The Sherers' Allegations Do Not Show Bias, Let Alone Sufficient Bias
              under *Liteky* ............................................................................................ 8
         D.     Conclusion ............................................................................................... 12
    II.    There is no Basis to Vacate the Award of Attorneys' Fees ................................. 12
         A.     Legal Standard for Vacating a Fee Award .............................................. 12
         B.     The Sherers Fail to Make an Argument Relevant to the Fee Award to Be
              Vacated ................................................................................................... 13
    III.   Perkumpulan's Request for Attorneys' Fees is Proper ........................................ 15
    IV.   Rule 11 Sanctions Are Not Necessary for the Sherers' Motions to Vacate the
         Award of Attorneys' Fees and to Disqualify ......................................................... 16
ORDER ................................................................................................................ 17

# OVERVIEW OF MOTIONS

The Sherers filed two motions: one under Federal Rule of Civil Procedure 60(b) to vacate the order granting fees, [5] and another under 28 U.S.C. § 455 to disqualify Judge Nuffer from ruling on the Rule 60(b) motion based on alleged partiality displayed in the order granting fees. [6] After opposing the Sherers' motions, Perkumpulan filed two motions for sanctions against the Sherers under Federal Rule of Civil Procedure 11: one for filing a frivolous motion to vacate the attorneys' fees order, [7] and one for filing a frivolous motion to disqualify. [8]

---

[5] Motion to Vacate Order of Attorney Fees Issued by Judge David Nuffer Pursuant to Rule 60(b) on Grounds that Plaintiff's Counsel Committed Fraud upon the Court, docket no. 29, filed April 4, 2014 ("Motion to Vacate").

[6] Motion to Disqualify Judge David Nuffer, docket no. 30, filed April 4, 2014 ("Motion to Disqualify").

[7] Motion for Sanctions Pursuant to FED. R. CIV. P. 11 for Frivolous FED. R. CIV. P. 60(b)(3) Motion, docket no. 37, filed on June 18, 2014.

[8] Motion for Sanctions Pursuant to FED. R. CIV. P. 11 for Frivolous Motion, docket no. 38, filed on June 18, 2014.

### THE CHALLENGED ORDER GRANTING COSTS AND ATTORNEYS' FEES

On June 5, 2013, the case was remanded to Alaska state court, concluding that the Sherers' removal was improper.[9] First and foremost, the removal statutes the Sherers cited clearly state that cases may only be removed "to the district court of the United States *for the district and division embracing the place where such action is pending*,"[10] and defendants removing a case "from a State court shall file *in the district court of the United States for the district and division within which such action is pending* a notice of removal."[11] Because the State of Alaska is not within the United States District of Utah, the Sherers' removal was "clearly improper"[12] and they lacked "an objectively reasonable basis" for removal.[13] Removal was also improper for a lack of subject-matter jurisdiction and a failure of all defendants to "join in or consent" to the removal as required by statute.[14]

Courts have discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal,"[15] and therefore, Perkumpulan's request for costs attorneys' fees was granted, and a separate motion and briefing was ordered.[16] The Sherers incorrectly argued several standards for deciding *whether* fees should be awarded, ignoring the previous order already granting fees.[17] The purpose of the additional motion and

---

[9] Order to Remand at 9.

[10] 28 U.S.C. § 1441(a) (emphasis added).

[11] 28 U.S.C. § 1446(a) (emphasis added).

[12] Order to Remand at 3.

[13] Order to Remand at 6.

[14] Order to Remand at 4–5; *see* 28 U.S.C. § 1441(a).

[15] 28 U.S.C. § 1447(c).

[16] Order to Remand at 8.

[17] Order Granting Fees at 3–4.

briefing was not to determine "*whether* to award attorney fees, but what *amount* of fees to award."[18] On August 6, 2013, Perkumpulan's fee award of $31,156.00 was granted.[19]

The Lodestar Test functions to determine the amount of the award: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances."[20] Perkumpulan provided evidence that it reasonably expended 71.5 attorney hours opposing the Sherers' improper removal and $5,320 in additional attorneys' fees for the preparation and filing of the fees motion and exhibits, and that the billed rates were reasonable.[21] The Sherers objected that the billing was an "absurd amount"[22] and objected to the inclusion of line items in Perkumpulan's billing, a fallacious objection because those amounts did not factor into the fee award.[23] The Sherers did not present "any substantive criticisms regarding the veracity, relevance or reasonableness of Plaintiff's attorneys' fees time entries,"[24] and Perkumpulan's billed amount was found to be reasonable.

Under the final Lodestar consideration, "whether sufficient special circumstances are present to merit an adjustment of the fee award,"[25] the Sherers made two arguments for a reduction. First, they argued the legal issues were simple so the billing was excessive. Second, they argued the Sherer family is below the poverty line and incapable of paying the fees.[26]

---

[18] *Id.* at 4.

[19] *Id.* at 10.

[20] *Id.* at 4 (quoting *Anchondo v. Anderson, Crenshaw & Assoc., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir.) (internal quotations omitted)).

[21] *Id.* at 4–5.

[22] Opposition to Motion and Proof of Costs and Attorney Fees at 1, docket no. 21, filed July 1, 2013.

[23] Order Granting Fees at 5.

[24] *Id.* at 6.

[25] *Id.*

[26] *Id.* (citing Opposition to Motion and Proof of Costs and Attorney Fees at 3–4, docket no. 21, filed July 1, 2013).

Although the legal issues were simple, "the Sherers chose to pursue their removal, filing lengthy briefs raising several complex arguments" that Perkumpulan had to address in several briefs.[27] In relation to financial hardship, the order recited several issues raised by the Sherers,[28] but found that they "offer[ed] no evidence of a lack of money in bank accounts or other assets, only stating that they are 'below the poverty line' given their income."[29] The order noted that "Given their involvement in an *in rem* case for Alaskan gold mines, it is likely they have assets they have not discussed."[30] Because no special circumstances meriting an adjustment of the fee award were found, the full amount incurred by Perkumpulan was awarded.

## DISCUSSION

### I.        There is no Basis to Disqualify for an Appearance of Partiality

The Sherers filed a Motion to Disqualify Judge Nuffer[31] for an appearance of partiality pursuant to 28 U.S.C. § 455. As discussed below, there is no basis to disqualify.

### A.  Another Judge Need Not Decide the Motion

There are two principal statutes dealing with judicial recusal at the district court level: 28 U.S.C. § 144, "Bias or prejudice of judge," and 28 U.S.C. § 455, "Disqualification of justice, judge, or magistrate judge." Section 144 focuses solely on *actual* bias or prejudice, while § 455 includes not only *actual* bias and other conflicts of interest, but also the *appearance* of partiality. Section 144 is triggered by a party's affidavit, whereas § 455 can arise by motion or sua sponte by the judge. Section 144 requires a judge to transfer the motion once the judge has determined

---

[27] *Id.* at 7.

[28] *Id.* at 8.

[29] *Id.* at 9.

[30] *Id.* at 9.

[31] Docket no. 30, filed April 4, 2014.

that the triggering affidavit is legally sufficient,[32] while § 455 does not require transfer of the motion. Because the Sherers' motion alleges an appearance of partiality under § 455, it is not necessary for another judge to decide the motion.

**B. Legal Standard for Disqualification under 28 U.S.C. § 445**

A judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned,"[33] or "where he has a *personal bias or prejudice* concerning a party . . ."[34] as well as in other circumstances not related to this case.[35] "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[36] The objective standard is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[37]

In *Liteky v. U.S.*,[38] the U.S. Supreme Court discussed § 455 in a criminal appeal. The Supreme Court referred to § 455(a) as the "catch-all" provision and further elaborated on the more specific "personal bias or prejudice" standard in § 455(b). The Supreme Court noted that this standard is not violated by every unfavorable judicial disposition toward an individual.[39] "The words connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree."[40]

---

[32] *See, e.g.*, *U.S. v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).

[33] 28 U.S.C. § 455(a).

[34] *Id.* at § 455(b)(1) (emphasis added).

[35] *Id.* at § 455(b)(2)–(5).

[36] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

[37] *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (internal quotations and citations omitted).

[38] 510 U.S. 540 (1994).

[39] *Id.* at 550.

[40] *Id.*

Generally, the question of partiality implicates the extrajudicial source limitation, referred to the Supreme Court as "the only common basis" for disqualification under § 455.[41] Essentially, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.[42] However, the Sherers do not contend outside knowledge of the parties or pleadings, rather that there is an appearance of partiality based on the reasoning in the order granting costs and attorneys' fees to Plaintiff.[43]

Generally, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[44] However, a favorable or unfavorable predisposition can constitute "bias" or "prejudice" "because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment."[45] That possibility only exists when predispositions "display a deep-seated favoritism or antagonism that would make fair judgment impossible."[46] Furthermore, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge,"[47] and neither do "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display."[48]

---

[41] *Id.*

[42] *U.S. v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

[43] Motion to Disqualify at 4.

[44] *Gilbert v. DHC Dev., LLC*, No. 2:08-CV-258-BJ, 2013 WL 1791840 at *2–*4 (D. Utah Apr. 26, 2013).

[45] *Liteky*, 510 U.S. at 551.

[46] *Id.* at 555.

[47] *Id.*

[48] *Id.* at 555–56.

Because the Sherers only contend the exceptional case, that there is an appearance of partiality based on the reasoning in the order granting attorneys' fees,[49] the issue is whether any of the complaints the Sherers make related to the reasoning of the order are "so extreme as to display clear inability to render fair judgment"[50] or "display a deep-seated favoritism or antagonism that would make fair judgment impossible."[51]

## C.  The Sherers' Allegations Do Not Show Bias, Let Alone Sufficient Bias under *Liteky*

The Sherers make four groups of complaints that allegedly show bias in the order granting fees: they complain the ruling ignored their (1) veteran status, (2) allegations of poverty (3) pro se status, and (4) irrelevant substantive arguments.

(1)      Veteran Status

First, the Sherers allege that they received "no consideration for the fact that Jared Sherer was a 100% disabled veteran, had a large family, and lived only on a VA disability pension."[52] However, these statements are discussed in the order,[53] adding that no argument was made as to why those statements should reduce the fee award at issue.[54] A ruling was made that these statements did not rise to the level of special circumstances sufficient to merit an adjustment of the fee award under the Lodestar test.[55] Therefore, there is no failure to consider these statements, and therefore, there is nothing to reasonably indicate "deep-seated . . . antagonism that would make fair judgment impossible."[56]

---

[49] Motion to Disqualify at 4.

[50] *Liteky,* 510 U.S. at 551.

[51] *Id.* at 555.

[52] Motion to Disqualify at 4.

[53] Order Granting Fees at 8.

[54] *Id.* at 9.

[55] *Id.* at 9.

[56] *Liteky,* 510 U.S. at 551.

(2)      Allegations of Poverty

Second, the Sherers argue "additional bias" is reflected related to their alleged poverty because the orders reasoned that "'Given their [involvement in an] in rem case for Alaska gold mines, it is likely they have assets they have not [discussed].'"[57] This statement was the product of the Sherers' failure to substantiate their claims of poverty with any evidence or support. Only marginal weight could be given to those statements.

Furthermore, the Sherers attached an exhibit to their present motion to disqualify that suggests the opposite of their alleged poverty. In her declaration, Michelle Sherer states that she and husband Donald Sherer purchased "several [contiguous] lots on Wrangell Island, Alaska" for $450,000 in total, having only sold two of the five lots described.[58] Moreover, in the address blocks on their filings, Donald, Michelle, and Jared Sherer all list the same Hurricane, Utah address, the same residence Perkumpulan alleges to be a "luxury single family home near a golf course" that Donald Sherer allegedly confessed to purchasing with Dressel funds.[59] Additionally, the financial statement[60] and report[61] of attorney Dwight Williams "conclude that the Sherers stole millions of dollars of investor funds through the Dressel Ponzi Scheme.[62]

---

[57] Motion to Disqualify at 4 (citing Order Granting Fees at 9) (misquotations corrected).

[58] Affidavit of Michelle Sherer in Support of Summary Judgment Motion, attached as Exhibit E to Motion to Disqualify, docket no. 30-4, filed on April 4, 2014.

[59] Report on Critical Historical Facts Surrounding Performance of Don Sherer, "Director in Charge" of Dressel Investment Ltd. (BVI) Through June, 2005 and Aftermath at 7, attached as Exhibit H to Plaintiff's Memorandum in Opposition to Motion to Disqualify Judge David Nuffer, docket no. 34-8, filed on May 5, 2014.

[60] Dressel Investment Limited, Inc. Financial Statements, attached as Exhibit G, docket no. 34-7, filed on May 5, 2014.

[61] Report on Critical Historical Facts Surrounding Performance of Don Sherer, "Director in Charge" of Dressel Investment Ltd. (BVI) Through June, 2005 and Aftermath, attached as Exhibit H to Plaintiff's Memorandum in Opposition to Motion to Disqualify Judge David Nuffer, docket no. 34-8, filed on May 5, 2014.

[62] Memorandum in Opposition to Motion to Disqualify Judge David Nuffer and Request for Costs and Expenses, Including Attorneys' Fees at 9, docket no. 33, filed on May 5, 2014.

Regardless of the allegations of poverty and land claims at issue, the Sherers continually claim ownership of substantial assets that would remedy any alleged poverty. A refusal to reduce a reasonable fee award based only on unsubstantiated allegations of poverty cannot reasonably indicate "deep-seated . . . antagonism that would make fair judgment impossible,"[63] especially when there exists substantial conflicting evidence of wealth and assets.

(3)     Pro Se Status

Third, the Sherers argue that they received "zero credence to the fact the defendants were In Rem [sic], and failed to afford them certain latitude required by federal rules and case law."[64] (Presumably, the Sherers mean to argue an entitlement to latitude as *pro se litigants*, not because the Alaskan case is an *in rem* proceeding.) The Sherers complain that the "reason was that the briefs were above the level usually normally submitted by pro se parties."[65] Similarly, in a declaration in support of the Rule 60(b) Motion,[66] Donald Sherer states that "Judge Nuffer opines . . . that no consideration should be given to our Pro Se pleadings as they present better than the average pro se pleadings."[67] Here, Donald Sherer admits to the unauthorized practice of law in preparing and filing documents on behalf of Jared and Michelle Sherer, adding that "[i]t takes me literally hundreds of hours to research and draft documents."[68] Whatever shortcomings or entitled latitude the Sherers claim by virtue of their pro se status, it is not for a lack of a trained although disbarred attorney laboring on their behalf.

---

[63] *Liteky*, 510 U.S. at 555.

[64] Motion to Disqualify at 6.

[65] *Id.* at 6.

[66] Docket no. 29-10, Exhibit L.

[67] *Id.* at ¶ 3.

[68] *Id.*

The Sherers' pro se status was raised and considered as an argument *to oppose the award of fees* in the briefing on the remand issue.[69] However, their present motions take issue with the order setting the amount of the fee award, not the order to remand where their *pro se* status was considered. Regardless, the Sherers fail to articulate the latitude a pro se litigant should expect and by virtue of which rules that latitude should be afforded. Moreover, they make no argument as to how any refusal to tip the balances in their favor shows bias against them. Without developing or substantiating their allegation, they essentially argue that the court showed partiality by treating the parties objectively. Objectivity cannot reasonably indicate "deep-seated . . . antagonism that would make fair judgment impossible."[70]

### (4)   Irrelevant Substantive Arguments

Because the Sherers take issue with the Memorandum Decision and Order Granting Plaintiffs' Attorneys' Fees,[71] their remaining five arguments[72] essentially amount to a complaint that allegations related to the substance of the claims were not considered in the ruling on the motion for and proof of attorneys' fees. Having already determined that removal was "clearly improper"[73] and the Sherers lacked "an objectively reasonable basis" for removal,[74] and having already ordered removal in a preceding order, it would not only have been improper but clear

---

[69] Order to Remand at 7.

[70] *Liteky*, 510 U.S. at 555.

[71] Docket no. 26, filed on Aug. 6, 2013. *See also* Exhibit H attached to Motion to Disqualify, docket no. 30-7, filed on Apr. 4, 2014.

[72] First, facts were disregarded or ignored related to whether the Sherers had any claim to the patented mining property at issue in Alaska. Motion to Disqualify at 4–5. Second, facts were disregarded or ignored that show the property was assigned to Perkumpulan in a separate federal case. *Id.* at 5. Third, facts were disregarded or ignored that show that Perkumpulan knew of another separate case and failed to intervene to claim an interest in the Alaska property. *Id.* Fourth, allegations were disregarded or ignored that the Alaskan case the Sherers removed was "a fraudulent and fabricated filing." *Id.* Fifth, facts were disregarded or ignored that show that another separate case filed by Perkumpulan violated federal law. *Id.*

[73] Order to Remand at 3.

[74] *Id.* at 6–7.

error to consider the substantive allegations the Sherers present. A refusal to consider irrelevant matters cannot reasonably indicate "deep-seated . . . antagonism that would make fair judgment impossible."[75]

### D. Conclusion

The court considered statements the Sherers complain were not considered. The court refused to reduce a reasonable fee award for unsubstantiated allegations of financial hardship. The court refused to favor the Sherers for filing as pro se litigants because they were represented by a disbarred attorney. The court ignored the irrelevant substance of the Alaska claims. The Sherers have failed to allege any evidence of an appearance of partiality based on the reasoning in the order granting attorneys' fees,[76] let alone evidence "so extreme as to display clear inability to render fair judgment"[77] or that displays "a deep-seated favoritism or antagonism that would make fair judgment impossible."[78]

### II.    There is no Basis to Vacate the Award of Attorneys' Fees

The Sherers filed their motion to vacate the order granting costs and fees on grounds that Perkumpulan's counsel committed fraud upon the court.[79] As discussed below, there is no basis to vacate the award based on anything substantive in the Alaska case.

### A.  Legal Standard for Vacating a Fee Award

Under Rule 60, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "fraud . . ., misrepresentation, or misconduct by an

---

[75] *Liteky*, 510 U.S. at 555.

[76] Motion to Disqualify at 4.

[77] *Id.* at 551.

[78] *Id.* at 555.

[79] Docket no. 29, filed April 4, 2014.

opposing party."[80] "Fraud on the court . . . is directed to the judicial machinery itself and is not fraud between the parties."[81] This type of fraud is much more difficult to prove: relief under Rule 60(b)(3) may only be granted if the Sherers can prove the alleged fraud by clear and convincing evidence,[82] showing "an intent to deceive or defraud the court," by means of a "deliberately planned and carefully executed scheme."[83] "[T]he challenged behavior must *substantially* have interfered with the aggrieved party's ability to fully and fairly prepare for and proceed at trial."[84]

However, this relief is "extraordinary and may only be granted in exceptional circumstances."[85] "[O]nly the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court."[86] "These parameters are strictly applied because a finding of fraud on the court permits the severe consequence of allowing a party to overturn the finality of a judgment."[87]

## B.  The Sherers Fail to Make an Argument Relevant to the Fee Award to Be Vacated

The Sherers argue that "[i]ncontrovertible evidence shows Weiner [Perkumpulan's attorney] committed fraud upon the Courts."[88] This alleged fraud occurred when he "created and filed false pleadings" in the Alaskan case; improperly filed a civil RICO case in Seattle; attempted to take property from the Sherers "in violation of the Alaskan Statute of Adverse

---

[80] FED. R. CIV. P. 60(b), (b)(3).

[81] *Zurich North America v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) (citing *U.S. v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002).

[82] *See Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 952 (10th Cir. 1990).

[83] *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995).

[84] *Zurich North America*, 426 F.3d at 1290 (internal quotations and citation omitted).

[85] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (citation omitted).

[86] *Zurich North America*, 426 F.3d at 1291 (quoting *Weese v. Schukman*, 98 F.3d 542, 552–53 (10th Cir. 1996)).

[87] *Id.* (citing *Weese*, 98 F.3d at 553).

[88] Motion to Vacate at 12.

Possession and all other relevant statutes of limitation in the State of Alaska;" and other similar alleged acts.[89] Because of this alleged fraud, the Sherers demand that the order granting Perkumpulan's costs and attorneys' fees[90] "should be reversed, and a finding entered that Jason Weiner did in fact perpetrate fraud upon this court."[91]

The Sherers confuse role of the proceedings in the District of Utah. They improperly removed the case from Alaska, a purely procedural act. Even after the case was remanded to the proper court in Alaksa, through a purely procedural ruling, the Sherers continue to make irrelevant arguments about the substance of the case. The award of attorneys' fees compensates Perkumpulan for legal work to correct a substantial procedural error created by the Sherers. The award of fees is in no way based on the substance of the case, and every effort to reach its substance merely prolongs the process, increasing the amount of time and resources Perkumpulan must spend. Consequently, the Sherers purposelessly increase their own costs by enlarging the attorneys' fees they must reimburse.

The Sherers' allegations may be relevant to other courts in other jurisdictions, but the only actions Perkumpulan has taken in the District of Utah have been in response to the Sherers' improper legal maneuvering. If any fraud has taken place, it has not occurred here, and it has had no effect on the remand process. The Sherers may pursue their allegations and the substance of the case in a court with jurisdiction to hear them. However, the substantive case has no bearing on the cost of cleaning up a clearly improper removal, and the Sherers cannot escape responsibility for the financial consequences of their filings.

For these reasons, it is improper to vacate the fee award granted in 2013.

---

[89] *Id.*

[90] Docket no. 26, filed on Aug. 6, 2013.

[91] Motion to Vacate at 12.

### III.    Perkumpulan's Request for Attorneys' Fees is Proper

In both responses to the Sherers' motions, Perkumpulan requests attorneys' fees incurred in defending against those motions.[92] Under 28 U.S.C. § 1447, a plaintiff is entitled to attorneys' fees "incurred as a result of the removal."[93] The Sherers did not oppose Perkumpulan's request for costs and attorneys' fees: they failed to reply to Perkumpulan's Memorandum in Opposition re Motion to Disqualify Judge,[94] and their reply on the Rule 60(b)(3) motion[95] again recites irrelevant substantive arguments in the Alaska case, never addressing the request for fees.

One of the major objectives of an award of costs and fees is to deter improper removals because they delay case resolution, impose additional costs on both parties, and waste judicial resources.[96] Because of these concerns, "the standard for awarding fees should turn on the reasonableness of the removal."[97]

Having already determined that an award of costs and fees was proper because the Sherers' removal was unreasonable,[98] § 1447(c) allows an award of costs and fees "incurred as a

---

[92] Memorandum in Opposition re Motion to Vacate Order on Motion for Attorney Fees at 11, docket no. 31, filed on May 5, 2014; Memorandum in Opposition re Motion to Disqualify Judge at 9, docket no. 33, filed on May 5, 2014.

[93] 28 U.S.C. § 1447(c).

[94] Memorandum in Opposition re Motion to Disqualify Judge at 9, docket no. 33, filed on May 5, 2014.

[95] Reply to Opposition to Motion to Vacate Order of Attorney Fees Issued by Judge David Nuffer Pursuant to Rule 60(b) on Grounds that Plaintiff's Counsel Committed Fraud Upon the Court, docket no. 35, filed on May 12, 2014.

[96] *Martin v. Franklin Capital Corporation,* 546 U.S. 132, 140 (2005).

[97] *Id.* at 141.

[98] Order to Remand at 6–7:

> [T]he defendants lack an objectively reasonable basis for seeking removal. . . . [T]he Sherers removed an in rem action against mining claims in Alaska to the wrong court in a separate and far-off federal district. Jurisdiction in this court is clearly absent. Furthermore, even if all these important deficiencies were not present, all the defendants did not join in removal. The case has continued in the Alaska Court regardless of the Sherers' removal to this court, and the Sherers have actively participated in the Alaska proceedings by filing an Answer on April 8, 2013, during the pendency of the motions in this court. It is clear that the defendants lacked an objectively reasonable basis for seeking removal, and have since disregarded the proceedings in this court by participating in the Alaska Court.

result of the removal."[99] Fees were already granted for the initial costs of remanding the case.

However, the Sherers have chosen to continually pursue arguments, largely of irrelevant

substance, further delaying resolution, creating additional costs, and wasting judicial resources.

Because the Sherers' make these motions, creating delay, cost, and waste, solely "as a result of

removal," another award of Perkumpulan's costs and fees is warranted.

## IV.   Rule 11 Sanctions Are Not Necessary for the Sherers' Motions to Vacate the Award of Attorneys' Fees and to Disqualify

After opposing the Sherers' motions, Perkumpulan filed two motions for sanctions

against the Sherers under Federal Rule of Civil Procedure 11: one for filing a frivolous motion to

vacate the attorneys' fees order,[100] and one for filing a frivolous motion to disqualify.[101] Rule 11

sets a minimum standard of professional responsibility in court filings:

> (b) Representations to the Court. By presenting to the court a pleading, written
> motion, or other paper--whether by signing, filing, submitting, or later advocating
> it--an attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable under the
> circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass,
>> cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by
>> existing law or by a nonfrivolous argument for extending, modifying, or
>> reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so
>> identified, will likely have evidentiary support after a reasonable
>> opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if
>> specifically so identified, are reasonably based on belief or a lack of
>> information.[102]

---

[99] 28 U.S.C. § 1447(c).

[100] Motion for Sanctions Pursuant to FED. R. CIV. P. 11 for Frivolous FED. R. CIV. P. 60(b)(3) Motion, docket no. 37, filed on June 18, 2014.

[101] Motion for Sanctions Pursuant to FED. R. CIV. P. 11 for Frivolous Motion, docket no. 38, filed on June 18, 2014.

[102] FED. R. CIV. P. 11(b).

Perkumpulan argues that the Sherers violated Rule 11(b)(1)–(3) because their motions were "not presented for a proper purpose, but rather to needlessly increase the cost of litigation; none of the claims or legal contentions are supported by existing law . . . and none of the factual contentions . . . have any legitimate evidentiary support."[103] Court have discretion to impose sanctions on any attorney, law firm, or other party that violates Rule 11(b).[104] However, Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct."[105]

In this case, the purpose of Rule 11 sanctions may already be fulfilled by the determination that an award of costs and fees "incurred as a result of removal" is warranted under § 1447(c), partially with an objective to deter the Sherers' conduct. Because the Sherers will already face strict financial consequences as a result of their filings, the court declines to pursue Rule 11 sanctions at this time.

## ORDER

For the reasons state above, the court ORDERS as follows:

1.  Defendants' Motion to Disqualify Judge David Nuffer [106] is DENIED;

2.  Defendants' Motion to Vacate Order of Attorney Fees Issued by Judge David Nuffer Pursuant to Rule 60(b) on Grounds that Plaintiff's Counsel Committed Fraud upon the Court [107] is DENIED;

3.  Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 for Frivolous Fed. R. Civ. P. 60(b)(3) Motion[108] is GRANTED; and

---

[103] Motion for Sanctions Pursuant to FED. R. CIV. P. 11 for Frivolous Fed. R. Civ. P. 60(b)(3) Motion at 6, docket no. 37, filed on June 18, 2014; Motion for Sanctions Pursuant to FED. R. CIV. P. 11 for Frivolous 28 U.S.C. § 455 Motion at 7, docket no. 38, filed on June 18, 2014.

[104] FED. R. CIV. P. 11(c)(1).

[105] FED. R. CIV. P. 11(c)(4).

[106] Docket no. 30, filed April 4, 2014.

[107] Docket no. 29, filed April 4, 2014.

4.      Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 for Frivolous

Motion[108] is GRANTED.

IT IS FURTHER ORDERED that Perkumpulan's request for costs and attorneys' fees are

GRANTED in that:

1.      Perkumpulan shall file a separate motion for and proof of costs and attorneys'

fees within 14 days of this Order; and

2.      The Sherers may respond within 7 days of the filing of Perkumpulan's motion and

proof of costs and attorneys' fees. This response is strictly limited to the

reasonableness of the number of hours expended to oppose the Sherers' motions,

the reasonableness of the billing rate, and special circumstances that would

reasonably cause an adjustment to a presumptively reasonable fee award. Further

discussion of the substance of the Alaska case is irrelevant in this proceeding and

has no bearing on the amount of fees to be awarded.

Signed this 18th day of February, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[108] Docket no. 37, filed on June 18, 2014.

[109] Docket no. 38, filed on June 18, 2014.